IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JAMES KEENO, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 17-154
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he had been disabled since January 1, 1994. (ECF No. 7-7, pp. 2, 7). On September 9, 2015, Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing. (ECF No. 7-3). On October 19, 2015, the ALJ again found that Plaintiff was not disabled under the Social Security

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

Act. (ECF No. 7-2, pp. 16-30).

After exhausting all of his administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Listing 12.05(C)

Plaintiff argues that the ALJ erred in failing to find that Plaintiff meets the requirements of Listing 12.05(C). (ECF No. 10, pp. 18-19). In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides, in relevant part:

3

Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . .

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). Thus, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, <u>and</u> 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C. To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff asserts that his lowest valid IQ score is 69 and the ALJ improperly rejected the same. (ECF No. 10, pp. 18-19). Plaintiff had multiple IQ scores in the record and the ALJ discussed the same.

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The record shows that the claimant has had several IQ tests. His school records show he had a full scale IQ of 92 and his prison records note an IQ of 102 (2F/56; 10F/15). The claimant's representative argued that the clamant met listing 12.05(C) because his occupational evaluation noted an IQ of 69. However, the evaluator, licensed psychologist Anthony Pedone, specifically noted that with the margin of error, the claimant's IQ was actually in the range of 68 to 82. He also noted that he believed the claimant's scores were an underestimate of the claimant's true IQ based on his performance on other

4

> standardized tests (17F/6, 10-11)…. Since there is such a range of IQ scores, and since some scores have no basis in the record, the undersigned finds that listing 12.05(C) is not met.

(ECF No. 7-2, p. 21). After a careful review of the record, I find there is substantial evidence of record to support the ALJ's decision. "[S]ince the results of intelligence tests are only part of the overall assessment, the narrative report that accompanies the test results should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation." 20 C.F.R. Pt. 404, subpt. P, app.1, §12.00D6a. In his report explaining Plaintiff's IQ score, Dr. Pedone specifically stated that Plaintiff's "Full Scale IQ score of 69 appears to be an underestimate of his true IQ…. The Standard Error of measurement for the WAIS-IV is +5 or -5 points and this examiner is inclined to award +5 points which would make his Full Scale IQ score 74 and consistent with the Standard Score Equivalent of the Peabody Picture Vocabulary Test." (ECF No. 7-20, pp. 51-52). Based on the same, I find no error on the part of the ALJ that Plaintiff failed to satisfy Part C. Therefore, remand is not warranted on this basis.

### C. Medical Evidence

In this regard, Plaintiff first asserts the ALJ erred in giving little weight to the opinion of Dr. Wright. (ECF No. 10, pp. 13-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only

where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Dr. Wright is a consultative examiner. (ECF No. 7-2, p. 27). The ALJ gave little weight to the opinion of Dr. Wright, stating:

6

> Dr. Wright opined that the claimant's impairments could be temporary but significant enough to interfere with his ability to function on a daily basis. She further noted that the claimant should be active with some supervision and support. She said the claimant had moderate impairments in his ability to work with simple instructions, interact with the public, and interact with coworkers and supervisors (7F). Her opinion is vague as it is not a function-by-function analysis of the claimant's functional abilities and does not specify what "some supervision" and "moderate/marked" actually meant the claimant is able to do. The limitations are inconsistent with the claimant's performance on several tests during his occupational evaluation, and they are based on a single interaction with the claimant (17F). As her opinions are vague and inconsistent with the record as a whole, they are given little weight.

(ECF No. 7-2, p. 10). Plaintiff argues that Dr. Wright's opinion is not vague. (ECF No. 10, p. 13). After a review, I agree with Plaintiff this reason is not borne out in the record. While Dr. Wright did not define "some supervision" when she recommended in her narrative report that "[i]deally he should be productively active, preferably with some supervision and support," Dr. Wright completed a medical source statement of ability to do work-related activities (mental) that clearly and plainly defines the terms marked and moderate. (ECF No. 7-16, pp. 7, 9-10).

This is not the only reason, however, that the opinion of Dr. Wright was discounted. (ECF No. 7-2, p. 27). The ALJ also discounted Dr. Wright's opinion for being inconsistent with the record, namely, his performance on several tests. *Id.* Plaintiff suggests that this is inaccurate. (ECF No. 10, pp. 13-18). After a review of the record, I agree with Plaintiff again. The ALJ only cites to exhibit 17F, Dr. Pedone's psychological and occupational evaluation dated February 25, 2014, as the specific evidence inconsistent with Dr. Wright's opinions. (ECF No. 7-2, p. 25). As Plaintiff points out, however, the opinions do not evaluate Plaintiff for the same things. (ECF No. 10, p. 15). Thus, without more than a generic conclusion by the ALJ, I am unable to determine how and to what extent the ALJ determined them to be inconsistent.

Additionally, the ALJ generically concludes that Dr. Wright's opinions are inconsistent with the record as a whole. (ECF No. 7-2, p. 27). This is inadequate boiler plate language. An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court

with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether his opinion is based on substantial evidence. An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. Again, an ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. The failure to provide an explanation prohibits me from conducting a proper and meaningful review in this case. As a result, I am unable to find that this reason stated for rejecting this mental opinion evidence is based on substantial evidence. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this issue.[2]

    An appropriate order shall follow.

---

[2] Plaintiff raises other errors in evaluating the other opinion evidence of record. (ECF No. 10, pp. 14-18). Since I am remanding this case as set forth above, the entirety of the case, including all of the opinion evidence must be reviewed again, *de novo.* Therefore, I need not decide these issues at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JAMES KEENO, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 17-154
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 2nd day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted in part and denied in part and Defendant's Motion for Summary Judgment (ECF No. 11) is granted in part and denied in part.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                    BY THE COURT:

                                    s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.